WALLACE, JUDGE:
During the early part of 1976, the claimant was contacted by telephone by a William Milhorn, who, the evidence disclosed, was employed by the Research Division of the Office of Federal-State Relations (As of July 1, 1977, this agency ceased to exist and became a part of the Office of Economic & Community Development). Mr. Milhorn requested that the claimant, who is in the tent and awning business, make six tents which would be replicas of tents used by soldiers of the Continental Army during the American Revolution. Mr. Mil-horn explained that these tents were to be used during the *20 celebration of the 1976 Bicentennial Year, and that, because it was a rush job, the usual purchase order could not be issued but the claimant would receive payment.
Claimant, who apparently had some expertise in the manufacture of such tents, agreed to do the work. Before starting the work, however, he made at least one call to the respondent’s office in Charleston and was assured that indeed William Milhorn was employed in that office. The tents were manufactured by claimant and delivered to respondent, and claimant forwarded invoices in the total amount of $808.80 to “William Milhorn, Prickett’s Fort Militia Research Division, Federal-State Relations, Charleston, West Virginia”, but payment of the invoices was not made. Respondent, although admitting that the tents were received and used on at least one occasion at Prickett’s Fort near Fairmont, contends that William Mil-horn had no authority to order these tents, and that because no purchase order had ever been authorized or issued, claimant does not have an enforceable claim.
While it is true that a vendor dealing with a representative of a State agency is charged with the affirmative duty of ascertaining whether such representative has the authority to contract for that agency, and further that the existence of a valid purchase order is essential in order to bind the State, we are of the opinion that to deny an award to this claimant would be unconscionable. The respondent accepted and used these tents, and for it now to escape payment would constitute unjust enrichment. We therefore make an award to claimant in the amount of $808.80.
Award of $808.80.