WALLACE, JUDGE:
In April of 1979, claimant was asked by representatives of Marshall University to quote a price for the printing of 3,000 Student Handbooks for 1979-80. Claimant complied with this request, citing a figure of $2,846.77. There was a revision after that, consisting of an additional 30 pages, so claimant quoted a new sum of $3,785.77, which represents the amount of this claim.
John Clark, president of Modern Press, testified that his company did not require purchase orders when dealing with Marshall University, and that they had worked with the school “quite a bit.” He stated that the Student Handbooks were set, printed, collated, stapled, trimmed, and hand-delivered by Modern Press to Marshall University, and that no payment was made.
Mary Ann Thomas, Associate Dean at Marshall University, testified that she visited the office of Modern Press in June of 1979 to determine “where things stood” because it would be her budget that was to pay the bill for the handbooks, and she had seen “nothing in writing” from the Student Government.
It is clear from the record in this case that proper procedures were not followed in the procurement of claimant’s services by the respondent. It is also clear, however, that the respondent did receive the benefit of these services. In a prior decision of this Court, the “unusual and regrettably improper” handling of a printing agreement was not a bar to recovery by the claimant. Dunbar Printing Company v. Dept. of Education, Div. of Vocational Education, 11 Ct.Cl. 282 (1977).
Claimant herein, in all good faith, performed an agreement upon the representations of the Student Government of Marshall University. While it is true that a vendor who deals with a *342 representative of a State agency has the duty of ascertaining whether that representative has the authority to contract for the agency, and further, that the existence of a valid purchase order is essential in order to bind the State, we are of the opinion that to deny an award to this claimant would be unconscionable. Sinclair v. Office of Economic & Community Development, 12 Ct.Cl. 19 (1977). The respondent accepted and used the handbooks, and for it now to escape paying for them would constitute unjust enrichment. We therefore make an award to the claimant in the amount of $3,785.77.
Award of $3,785.77.