RULEY, JUDGE:
This is a contract claim. The contract provided for the preparation of plans and specifications for parking lot improvements and an analysis and recommendation of regulations for permanent and transient parking at Marshall University in *494 Huntington, West Virginia. Under its terms, the claimant was to begin performance on September 8, 1976, and complete performance by December 31, 1976. The total cost of the study was not to exceed $4,500.00 and travel expenses were not to exceed $500.00. The contract was dated July 30, 1976. Actual services by the claimant began in August 1976, at the request of officials at the university who were anxious to obtain the results of the contemplated studies. The claimant contends that subsequent requests by personnel of the university changed the scope of the work which was not completed until August 1977. The claimant submitted its invoice for the study and travel expenses in the amount of $9,434.53 to the university. The invoice was properly processed by the university, but, ultimately, was denied by the Department of Finance and Administration because the invoice did not meet the time frame or the dollar limitation in the contract.
Although the total cost of this project was not to exceed $4,500.00 for the study and $500.00 for travel expenses, the evidence is undisputed that the claimant included parking studies for a proposed sports center and a medical school at the request of personnel at the university.
The terms of the purchase order were not strictly adhered to by the claimant, but the claimant was acting contrary to those terms at the request of the officials with whom it was dealing at the university.
For the respondent to now deny the claimant payment for services admittedly rendered to the respondent would constitute unjust enrichment. See Modern Press, Inc. vs. Board of Regents, CC-80-277, 13 Ct. Cl. 341 (1981); Sinclair vs. OECD, CC-77-95, 12 Ct. Cl. 19 (1977); and Dunbar Printing Company vs. Department of Education, Division of Vocational Education, CC-77-41, 11 Ct. Cl. 282 (1977). For that reason, this Court is of the opinion that the claimant is entitled to an award and, accordingly, the Court makes an award in the amount of $9,434.53.
Award of $9,434.53.